UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS L. BENDER, et al.,<br><br>Defendant. | No. 2:18-cv-2102 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, and seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

In his complaint, plaintiff names three Madera County Superior Court judges as defendants. Plaintiff claims he is raising a jurisdictional question, but also appears to challenge his conviction, asking the court to release him from prison because he is innocent.

The Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983. Pierson v. Ray,

1

386 U.S. 547 (1967). A judge is "subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-7 (1978), quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872). A judge's jurisdiction is quite broad. The two-part test of Stump v. Sparkman determines its scope:

> The relevant cases demonstrate that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge and to the expectation of the parties, i.e., whether they dealt with the judge in his judicial capacity.

Id. at 361.

Plaintiff was convicted in Alameda County, California, and fails to allege each judge's specific involvement. Judges are entitled to absolute immunity, and thus, this action must be dismissed. Because plaintiff cannot amend to state a claim against these judges, it would be futile to grant plaintiff leave to amend.[1]

In light of the dismissal of this action, the undersigned declines to address plaintiff's request to proceed in forma pauperis.[2]

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that

---

[1] Further, to the extent plaintiff seeks release from prison or attempts to invalidate his conviction, such claims must be brought by plaintiff's counsel in his pending federal habeas corpus action, Bonilla v. Ayers, No. C 08-0471 YGR (PR) (N.D. Cal.).

[2] Plaintiff has been disqualified from proceeding in forma pauperis under 28 U.S.C. § 1915(g) unless he is "under imminent danger of serious physical injury" at the time the complaint is filed. In re Steven Bonilla, No. C 11-3180 CW (PR) (N.D. Cal.); Bonilla v. Dawson, No. C 13-0951 CW (PR) (N.D. Cal.).

failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 9, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/boni2102.56